Talasi B. Brooks (ISB #9712)
Scott Lake (ISB #10493)
WESTERN WATERSHEDS PROJECT
P.O. Box 2863
Boise, ID 83701
(208) 336-9077 (Brooks)
(208) 429-1679 (Lake)
tbrooks@westernwatersheds.org
scott@westernwatersheds.org

*Attorneys for Plaintiff*
*Western Watersheds Project*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WESTERN WATERSHEDS PROJECT,<br><br>Plaintiff,<br><br>v.<br><br>BUREAU OF LAND MANAGEMENT,<br><br>Defendant. | No. 1:19-cv-283<br><br>**COMPLAINT** |

## INTRODUCTION

1. This is an action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552 et seq., to compel Defendant the Bureau of Land Management (BLM) to produce records that Plaintiff Western Watersheds Project requested in a FOIA request dated January 30, 2019, concerning former Secretary of the Interior Ryan Zinke's decision to reissue a grazing permit to Hammond Ranches, Inc.

2. Western Watersheds Project (WWP), an Idaho not-for-profit corporation, requested the documents and records that are the subject of this lawsuit to further its objective of educating the public about Defendants' public land management decisions.

3. In this civil action, WWP seeks a court order (1) declaring that BLM's failure to timely respond to WWP's requests violates FOIA; (2) ordering BLM to produce the requested records within 20 days of the Court's order; and (3) granting such additional relief as WWP may request.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B), and 28 U.S.C. § 1331, because this action arises under the laws of the United States, including FOIA and the Declaratory Judgment Act, 28 U.S.C. § 2201.

5. Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e)(1) because Plaintiff WWP's principal place of business is in this district.

6. Because BLM has failed to comply with the applicable time requirements of FOIA, WWP is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial relief enjoining BLM from continuing to withhold agency records and ordering the production of records improperly withheld under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 2202.

## PARTIES

7. Plaintiff WWP is an Idaho non-profit membership organization dedicated to protecting and restoring watersheds and wildlife in the American West through education, public policy initiatives, and legal advocacy. WWP has over 9,500 members and supporters, including

many members who live in Idaho. WWP is headquartered in Hailey, Idaho, and has staff in Boise, Idaho, as well as in other western states.

8. WWP's mission is to protect and restore western watersheds and wildlife through education, public policy initiatives and legal advocacy. WWP is active in seeking to protect and improve the public lands, wildlife, and other natural resources and ecological values of western watersheds, particularly by addressing impacts caused by domestic livestock grazing. WWP has long-standing concerns about impacts of BLM's grazing management on the environment.

9. To further its mission, WWP often requests information regarding federal programs and activities through the FOIA. WWP then compiles and analyzes the information it obtains through the requests and disseminates it to the public by: (1) presenting the material to its members and supporters, as well as members of other state and national conservation organizations, through its newsletter and email alerts; (2) presenting the materials at national and regional conferences; (3) participating in other public forums, such as local government hearings; (4) issuing press releases and presenting the information to national, regional and local media; (5) posting the information (in a compiled and more readily understandable form) on WWP's internet web site, which has over 2,000 views each month; and (6) periodically posting information in a compiled and more readily understandable form to a heavily trafficked weblog, The Wildlife News (http://www.thewildlifenews.com), which receives on average over 7,000 visits each week. The records requested in the FOIA request at issue here will help WWP inform and educate its members and the public about BLM's grazing management and its potential environmental effects.

10. WWP and its staff and members are directly injured by BLM's failure to comply with the statutory requirements of FOIA, and a favorable outcome of this litigation will redress

that injury. WWP brings this suit on behalf of itself, its staff, and its members.

11. Defendant the BUREAU OF LAND MANAGEMENT (BLM) is an independent agency of the U.S. Department of Interior (DOI), and has possession of and control over the records WWP seeks. As a federal agency, BLM is obligated to comply with the mandatory requirements of FOIA and is sued in this action in connection with its failure to comply with those statutory duties.

## THE FREEDOM OF INFORMATION ACT

12. FOIA was enacted "to establish a general philosophy of full agency disclosure unless information is exempted under clearly delineated statutory language." S. Rep. No. 813, at 3 (1st Sess. 1965). As the Supreme Court has affirmed, "Congress believed that this philosophy, put into practice, would help 'ensure an informed citizenry, vital to the functioning of a democratic society.'" *Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 (1989) (quoting *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978)). Accordingly, "the basic purpose" of FOIA is "to open agency action to the light of public scrutiny." *Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 772 (1989) (quoting *Dep't of the Air Force v. Rose*, 425 U.S. 352, 372 (1976)).

13. Ordinarily, FOIA requires that federal agencies shall determine within twenty (20) working days after receiving a request whether to comply with it. 5 U.S.C. § 552(a)(6)(A); 43 C.F.R. § 2.16(a).

14. In determining whether to comply with a request, the agency must first gather and review the requested documents. *Citizens for Responsibility and Ethics in Wash. v. Federal Election Com'n*, 711 F.3d 180, 188 (D.C. Cir. 2013) (*CREW*).

15.     Then, the agency making the determination "must determine whether to comply with a request—that is, whether a requester will receive all the documents the requester seeks. It is not enough that, within the relevant time period, the agency simply decides to later decide." *CREW*, 711 F.3d at 186.

16.     Within the relevant time period, the agency must notify the requester of the scope of the documents that the agency will produce, the scope of the documents that the agency plans to withhold under any FOIA exemptions, the reasons for any withholdings, and of the requester's right to appeal to the head of the agency any adverse determination. *Id.*; 5 U.S.C. § 552(a)(6)(A)(i). "The requirement that the agency notify the requester about administrative appeal rights [] indicates that the 'determination' must be substantive, not just a statement of a future intent to produce non-exempt responsive documents." *CREW*, 711 F.3d at 186.

17.     The FOIA provides that "[u]pon any determination by an agency to comply with a request for records, the records shall be made promptly available to such person making such request." 5 U.S.C. § 552(a)(6)(C)(i).

18.     An untimely determination or response is a violation of FOIA, regardless of the final outcome of the request. *Gilmore v. U.S. Dept. of Energy*, 33 F. Supp. 2d 1184, 1188 (N.D. Cal. 1998), *Or. Natural Desert Ass'n v. Gutierrez*, 409 F. Supp. 2d 1237, 1248 (D. Or. 2006).

19.     In specified unusual circumstances, the time limits prescribed in the statute may be extended by written notice to the requester "setting forth the unusual circumstances for such extension and the date on which a determination is expected to be dispatched." 5 U.S.C. § 552(a)(6)(B)(i). *See also* 43 C.F.R. § 2.19(a).

20.     "No such notice shall specify a date that would result in an extension for more than ten working days," except as provided elsewhere in the statute. 5 U.S.C. § 552(a)(6)(B)(i).

21.     If the agency determines unusual circumstances exist and that the request cannot be processed within the 10 additional days, it shall notify the requester and "shall provide the person an opportunity to limit the scope of that request so that it may be processed within that time limit or an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request." *Id*. § 552(a)(6)(B)(ii).

22.     DOI's FOIA regulations provide for four "processing tracks" based on the number of workdays needed to process the request: simple (1-5 days), normal (6-20 days), complex (21-60 days), and exceptional/voluminous (over 60 days). 43 C.F.R. § 2.15(c). However, the use of multi-track processing "does not alter the statutory deadline for a bureau to determine whether to comply" with a FOIA request. *Id*. § 2.15(f). A bureau is "any major component of the Department administering its own FOIA program," a definition that includes BLM. *Id.* § 2.70.

23.     DOI's FOIA regulations provide that if the processing time will extend beyond a total of 30 workdays, the bureau will give the requester a chance to modify the request or agree to an alternative time period for processing, and make available DOI's FOIA Public Liaison to assist in resolving any disputes between the requester and the bureau. *Id.* § 2.19(b). If the bureau extends the time limit and does not offer the requester an adequate response during that time period, the requester "may consider the request denied." *Id*. § 2.19(c).

24.     Administrative remedies are deemed exhausted when an agency fails to comply with applicable time limits. 5 U.S.C. § 552(a)(6)(C)(i); *CREW*, 711 F.3d at 277.

## STATEMENT OF FACTS

25.     On January 30, 2019, WWP's Deputy Director Greta Anderson properly submitted a FOIA request to BLM's Washington Office for "any and all documents related to the

1/2/2019 secretarial determination of Ryan Zinke to reissue the grazing permit for Hammond Ranches, Inc., decision OR-020-14-01." The request specified: "By 'any and all documents,' I mean any and all records that contain correspondence about the matter, discussions with external parties, discussions with internal parties, phone logs, meeting notes, emails, letters, legal memos, or any other record or document that provides insight into or influences on the decision-making process." It included a request for a fee waiver.

26. On March 7, 2019, BLM acknowledged receiving WWP's FOIA request and assigned it tracking number 2019-00441. The acknowledgment declined to specify whether the request for a fee waiver had been granted, but notified WWP that it had been classified as an "other" requester and that the request had been placed on the Complex track. The acknowledgment did not state whether BLM would comply with the request, specify whether records would be withheld and if so, which exemptions were claimed, ask WWP to clarify or narrow its request, give an estimated date of completion, or otherwise modify the timeframe for response. The communication also did not state that the FOIA request was misdirected or directed to the wrong component of BLM. *See* 43 C.F.R. § 2.4.

27. WWP received no records or further communications from BLM.

28. On April 16, 2019, Ms. Anderson asked BLM to provide an updated estimate of the response time for the FOIA request.

29. BLM did not respond to Ms. Anderson's inquiry.

30. On May 17, 2019, Ms. Anderson again asked BLM for an estimated completion date for making a determination, processing the request, and producing responsive records.

31. BLM did not respond to Ms. Anderson's inquiry.

32. On June 24, 2019, Ms. Anderson again inquired when she might receive responsive records, noting that they were quite overdue. She again requested an estimated completion date.

33. BLM did not respond to Ms. Anderson's inquiry.

34. Upon information and belief, as of the date of filing of this Complaint, BLM has not conducted a search for records responsive to WWP's FOIA request.

35. BLM has never: (a) informed WWP of the scope of the documents it plans to produce and withhold, or the basis for projected withholdings with respect to this request, (b) informed WWP of its appeal rights, (c) stated whether WWP's request for a fee waiver has been granted, or (d) requested a modified deadline for producing the records or required determination. Despite numerous inquiries from WWP, BLM has not communicated with WWP about this request at all since the March 7, 2019 Acknowledgment letter.

36. BLM has never made the legally-required determination on WWP's request and has not produced any responsive records to WWP's request. Consequently, BLM has violated FOIA.

37. BLM has never given WWP an estimated completion date by which it will comply with WWP's request and has not responded to any of WWP's follow-up communications requesting an estimated completion date. This also violates FOIA.

## FIRST CLAIM FOR RELIEF
**Violation of FOIA—Failure to conduct an adequate search for records responsive to 2019-00441.**

38. WWP realleges and incorporates by reference all preceding paragraphs.

39. WWP has a statutory right to have BLM process its FOIA request in a manner that complies with FOIA. 5 U.S.C. § 552(a)(3).

40.     BLM violated WWP's rights because it failed to perform an adequate search, reasonably calculated to discover the requested records, in violation of FOIA, 5 U.S.C. § 552(a)(3)(A)-(D).

41.     BLM has failed to "gather and review the requested documents" to determine whether to respond to WWP's request. *CREW*, 711 F.3d at 188.

42.     BLM's failure to conduct an adequate search for records responsive to WWP's FOIA request violates FOIA.

43.     BLM's FOIA violations have deprived WWP of its right to receive public records, thereby injuring WWP's interests.

44.     WWP is therefore entitled to declaratory and injunctive relief stating BLM violated FOIA and requiring BLM to promptly perform an adequate search, reasonably calculated to discover the requested records.

## SECOND CLAIM FOR RELIEF
**Violation of FOIA—Failure to make an adequate determination.**

45.     WWP realleges and incorporates by reference all preceding paragraphs.

46.     WWP properly requested records within BLM's control in its January 30, 2019 request.

47.     WWP has a statutory right under FOIA to receive a determination from BLM, as well as to receive the underlying records it seeks.

48.     BLM failed to make an adequate and timely determination because the statutory 20 days for response have passed and BLM has failed: (a) to gather responsive records and inform WWP whether it plans to comply with the request; (b) if so, to provide an estimated completion date for its response; and (c) if not, the reasons for which they are denying the

request, the volume of records denied, and how WWP may appeal. 5 U.S.C. § 552(a)(6)(A)(i); 43 C.F.R. § 2.15(f).

49. BLM has failed to notify WWP of any "unusual circumstances" in a notice also setting forth a date on which the determination was expected to be dispatched within ten working days of the statutory 20-day deadline, as required by FOIA. 5 U.S.C. § 552(a)(6)(B)(i).

50. BLM violated the statutory deadline because it failed to give WWP an estimated completion date by which WWP may expect to receive responsive records. 5 U.S.C. § 552(a)(7)(B)(ii).

51. BLM's FOIA violations have deprived WWP of its right to receive public records, thereby injuring WWP's rights and interests.

52. WWP is therefore entitled to declaratory and injunctive relief requiring BLM to promptly render an adequate determination on WWP's request 2018-00056, including an index justifying the withholding of any responsive records under a claim of exemption.

### THIRD CLAIM FOR RELIEF
### Violation of FOIA—Improper withholding of records.

53. WWP realleges and incorporates by reference all preceding paragraphs.

54. BLM has violated and continue to violate the FOIA by failing to provide WWP with a timely and full response to 2019-00441.

55. WWP has a statutory right to the records sought and there is no legal basis for BLM to assert that any of FOIA's nine disclosure exemptions apply to prevent their disclosure. 5 U.S.C. § 552(b)(1)–(9). BLM has failed to make responsive records promptly available, as required by FOIA. 5 U.S.C. § 552(a)(6)(C)(i).

56. BLM's failure to produce the records is therefore constructive denial and unlawful withholding.

57. BLM is improperly withholding records from WWP in violation of FOIA.

58. BLM's improper withholding of public records to which WWP is legally entitled injures WWP's rights and interests.

59. Unless enjoined and made subject to a declaration of WWP's legal rights by this Court, BLM will continue to violate the rights of WWP to receive public records under FOIA.

## FOURTH CLAIM FOR RELIEF
### Violation of FOIA—Failure to provide an estimated completion date.

60. WWP realleges and incorporates by reference all preceding paragraphs.

61. FOIA requires federal agencies to provide the requester with information about the status of the agency's response to an information request, including an estimated date on which the agency will complete action on the request. 5 U.S.C. § 552(a)(7)(B)(ii).

62. WWP repeatedly asked for an estimated completion date for 2019-00441. In so doing, WWP constructively invoked 5 U.S.C. § 552(a)(7)(B)(ii).

63. BLM has failed to provide an estimated completion date for 2019-00441, and have failed to even acknowledge WWP's inquiries, which violates FOIA.

64. BLM has adopted and are engaged in a pattern, practice, or policy of violating FOIA's procedural requirements when processing FOIA requests by repeatedly refusing to issue an estimated completion date as required by 5 U.S.C. § 552(a)(7)(B)(ii).

65. Thus, BLM has engaged in a pattern, practice, or policy of violating FOIA.

66. Unless enjoined and made subject to a declaration of WWP's legal rights by this Court, BLM will continue to violate FOIA by failing to provide estimated completion dates for records requests.

## PRAYER FOR RELIEF

WHEREFORE, WWP respectfully prays that this Court:

    A.    Declare that BLM's failure to provide WWP with a timely and full response to WWP's FOIA request 2019-00441, including BLM's failure to make a timely determination on the request and produce all records requested, is in violation of the FOIA, 5 U.S.C. § 552(a)(6).

    B.    Declare that BLM's failure to conduct an adequate search reasonably calculated to discover records responsive to WWP's FOIA request 2019-00441 violated FOIA, 5 U.S.C. § 552(a)(3)(A)-(D).

    C.    Declare that BLM's failure to provide WWP with an estimated completion date by which it would comply with WWP's FOIA request 2019-00441 violated FOIA, 5 U.S.C. § 552(a)(7)(B)(ii).

    D.    Declare that BLM's pattern, practice, or policy of failing to provide an estimated completion date for compliance with FOIA requests violates FOIA, 5 U.S.C. § 552(a)(7)(B)(ii).

    E.    Order BLM to provide WWP with all agency records responsive to its FOIA request 2019-00441, including any and all such records that would be responsive as of the date of the Court's order, within 20 days.

    F.    Enjoin BLM from continuing to withhold non-exempt records responsive to WWP's FOIA request 2019-00441.

    G.    Enjoin BLM from continuing to engage in their pattern, practice, or policy of failing to provide an estimated completion date for compliance with FOIA requests.

    H.    Award WWP its reasonable costs, litigation expenses, and attorney's fees incurred in prosecuting this civil action under FOIA, 5 U.S.C. § 552(a)(4)(E), and/or all other applicable authorities.

    I.    Grant such other and further relief as WWP may hereinafter request.

    J.    Grant such other and further relief as the Court deems just and proper.

Dated July 19, 2019Respectfully submitted,

s/ Talasi B. Brooks
Talasi B. Brooks (ISB #9712)