Talasi B. Brooks (ISB #9712)
Scott Lake (ISB #10493)
WESTERN WATERSHEDS PROJECT
P.O. Box 2863
Boise, ID 83701
(208) 336-9077 (Brooks)
(208) 429-1679 (Lake)
tbrooks@westernwatersheds.org
scott@westernwatersheds.org

*Attorneys for Plaintiff*
*Western Watersheds Project*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WESTERN WATERSHEDS PROJECT, | No. 1:19-cv-283-CWD |
| Plaintiff, | |
| v. | **PLAINTIFF'S OPENING BRIEF IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| BUREAU OF LAND MANAGEMENT, | |
| Defendant. | |

**INTRODUCTION**

Plaintiff Western Watersheds Project (WWP) seeks summary judgment on its Second and Third Claims for Relief, holding that Defendant the Bureau of Land Management (BLM) violated the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and its implementing regulations at 43 C.F.R. §§ 2.1-2.290, by failing to timely respond to WWP's FOIA request 2019-00441, which sought records concerning former Secretary of the Interior Ryan Zinke's decision to reissue a grazing permit to Hammond Ranches, Inc. (HRI). BLM has not provided a timely and adequate determination, including an estimated completion date, on WWP's request, or provided responsive records, despite numerous follow-up communications from WWP.

WWP is entitled to the subject records—and to have BLM process its FOIA request in accordance with statutory procedures—by law. By failing to produce the records within the statutory timeframe, and by failing to make a timely and adequate determination on WWP's request, BLM has violated FOIA and its implementing regulations. Accordingly, WWP requests that the Court enter summary judgment declaring that BLM violated FOIA by failing to timely and adequately respond to its FOIA request, and an order directing BLM to release all responsive records within 20 days of the Court's order (or sooner) and enjoining BLM from continuing to withhold records to which WWP is entitled.

**FACTUAL AND PROCEDURAL HISTORY**

On January 30, 2019, WWP's Deputy Director Greta Anderson properly submitted a FOIA request to BLM's Washington Office for "any and all documents related to the 1/2/2019 secretarial determination of Ryan Zinke to reissue the grazing permit for Hammond Ranches, Inc., decision OR-020-14-01." Declaration of Greta M. Anderson ¶ 2 (submitted herewith) & Ex. 1. The request specified: "By 'any and all documents,' I mean any and all records that contain

correspondence about the matter, discussions with external parties, discussions with internal parties, phone logs, meeting notes, emails, letters, legal memos, or any other record or document that provides insight into or influences on the decision-making process." Anderson Decl. ¶ 2. Ms. Anderson included a request for a fee waiver, and a request for expedited processing. *Id*. She received an automatic reply email upon submitting the request. *Id*.

On February 25, 2019 she replied to the automatic email and requested to be advised of the status of the request. *Id*. ¶ 3. In response, BLM claimed to be entering FOIAs and stated it would send updates in the coming days. *Id*. ¶ 4 & Ex. 3.

BLM's response to the request was due on or around February 28, 2019. Anderson Decl. ¶ 5. That day came and went with no update, determination, or response from BLM.

On March 7, 2019, BLM acknowledged via email having received WWP's FOIA request and assigned it tracking number 2019-00441. *Id*. ¶ 7 & Ex. 5. The acknowledgment did not: state whether BLM had searched for responsive records; notify WWP whether it would receive the records it sought and, if not, which exemptions BLM was claiming to justify the withholdings; advise WWP of its right to appeal or of whether its request for a fee waiver had been granted; or propose an alternative timeframe for processing the request, along with an estimated date of completion. Ex. 5. The acknowledgment stated that BLM had assigned WWP's request to the Complex processing track, for which "processing" is supposed to be completed within 21-60 days—but it did not seek WWP's consent to that timeframe or give an estimated date of completion. *Id*. Instead it committed to provide responsive records on a rolling basis. *Id*.

Since the March 7, 2019, acknowledgement letter did not state whether WWP's request for a fee waiver had been granted, Ms. Anderson responded to BLM's email and asked that

WWP be contacted before any fees in excess of $50.00 were assessed. Anderson Decl. ¶ 8 & Ex. 6. On March 8, 2019, BLM responded, "We will do." Anderson Decl. ¶ 9 & Ex. 7. This was the last communication WWP received from BLM concerning the request. Anderson Decl. ¶¶ 10, 16.  On April 16, 2019, May 17, 2019, and June 24, 2019, Ms. Anderson emailed BLM to request an update on the status of FOIA 2019-00441, along with an estimated completion date, but BLM did not respond to any of those inquiries. *Id*. ¶¶ 11-13, 15-16 & Exs. 8-10. WWP still has received no records responsive to the request. Anderson Decl. ¶ 16. In an effort to secure the release of the records to which it is entitled by law, WWP was forced to file the Complaint in this matter on July 19, 2019—almost five months after BLM's response to the FOIA request was due. *See* Complaint, ECF No. 1.

## LEGAL BACKGROUND

FOIA is our nation's keystone statute requiring federal agencies to disclose information to citizens. *See* 5 U.S.C. § 552. FOIA was enacted "to establish a general philosophy of full agency disclosure unless information is exempted under clearly delineated statutory language." S. Rep. No. 813, at 3 (1st Sess. 1965). As the Supreme Court has explained, "Congress believed that this philosophy, put into practice, would help 'ensure an informed citizenry, vital to the functioning of a democratic society.'" *Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 (1989) (quoting *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978)). Thus, "the basic purpose" of FOIA is "to open agency action to the light of public scrutiny." *Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 772 (1989) (quoting *Dep't of the Air Force v. Rose*, 425 U.S. 352, 372 (1976)).

An additional overarching purpose of FOIA is "'to contribute to the fuller and faster release of information.'" *S. River Yuba Citizens League v. Nat'l Marine Fisheries Serv.*, No.

CIV. S-06-2845 LKK/JFM, 2008 WL 2523819, *5 (E.D. Cal. June 20, 2008) (quoting H.Rep. No. 876, 93d Cong., 2d Sess., reprinted in 1974 U.S. Code Cong. & Admin. News 6267, 626). To this end, FOIA twice requires federal agencies to make records requested under its provisions "promptly available" to the requester. 5 U.S.C. §§ 552(a)(3)(A), (a)(6)(c)(i).

FOIA cases are typically decided on summary judgment. *Lane v. Dept. of Interior*, 523 F.3d 1128, 1134 (9th Cir. 2008). Rule 56(b) provides that a party may file for summary judgment "at any time" until 30 days after the close of discovery. Fed. R. Civ. P. 56(b). A court should grant summary judgment for the federal defendant in a FOIA case "only if the agency can prove that it has fully discharged its obligations under the FOIA, after the underlying facts and the inferences to be drawn from them are construed in the light most favorable to the FOIA requester." *Gatore v. United States Dep't of Homeland Sec.*, 177 F. Supp. 3d 46, 50 (D.D.C. 2016) (internal quotation omitted).

## ARGUMENT

WWP is entitled to summary judgment because the accompanying Declaration of Greta M. Anderson and attached exhibits demonstrate the BLM failed to provide responsive records, or a timely and adequate determination including an estimated date of completion, on WWP's FOIA request within the time required by statute.  BLM's failure to make a timely determination and promptly release all responsive records violated FOIA and injured WWP. *See South Yuba River Citizens League*, 2008 WL 2523819, at *5 ("A plaintiff has suffered an injury in fact when he does not receive information that Congress has commanded must be provided to him.")[1]

To remedy these violations WWP requests that this Court declare that BLM has violated

---

[1] WWP is deemed to have exhausted its administrative remedies in this matter because BLM failed to comply with FOIA's time limit provisions. See 5 U.S.C. § 552(a)(6)(C)(i).

FOIA's deadline provision, including by failing to provide an estimated date of completion on WWP's request, order BLM to promptly produce the responsive records, and enjoin BLM from continuing to withhold records to which WWP is legally entitled. See 5 U.S.C. § 552(a)(4)(B).

FOIA requires federal agencies to determine within twenty working days after receiving a properly-presented request whether to comply with it. 5 U.S.C. § 552(a)(6)(A)(i); 43 C.F.R. § 2.16(a).

> To make an adequate "determination", the agency must at least: (i) gather and review the documents; (ii) determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents; and (iii) inform the requester that it can appeal whatever portion of the "determination" is adverse.

*Citizens for Responsibility and Ethics in Wash. v. Fed. Election Com'n*, 711 F.3d 180, 188 (D.C. Cir. 2013) (Kavanaugh, J.) ("*CREW*"). If the agency determines to comply with the request, it must make the records sought "promptly available" to the requester. 5 U.S.C. § 552(a)(6)(C)(i). Promptly available "typically would mean within days or a few weeks of a 'determination,' not months or years." *CREW*, 711 F.3d at 283.

Either an adequate determination or production of responsive records may be deemed a "response" for purposes of the 20-day deadline. The Eastern District of California has observed that "[a]lthough the statute in terms provides that an agency must merely notify the requester within twenty days of whether to respond to the request, courts consistently treat the twenty-day deadline as the agency's deadline to provide the responsive documents." *South Yuba River Citizens League*, 2008 WL 2523819, at *5 (citing *Electronic Privacy Info. Ctr. v. Dep't of Justice*, 416 F. Supp. 2d 30, 36-40 (D.D.C. 2006); *Or. Natural Desert Ass'n v. Gutierrez*, 409 F. Supp. 2d 1237, 1248 (D. Or. 2006); *Am. Civil Liberties Union v. Dep't of Defense*, 339 F. Supp. 2d 501, 503-504 (S.D.N.Y. 2004); and *Gilmore v. U.S. Dep't of Energy*, 33 F. Supp. 2d 1184, 1186-88 (N.D. Cal. 1998)).

In "unusual circumstances" the bureau may extend the basic time limit by up to 10 days, but only after notifying the requester in writing of the date by which it plans to complete processing the request. 5 U.S.C. § 552(a)(6)(B)(i); 43 C.F.R. § 2.19(a). If the request cannot be processed within 20 days, the bureau must also give the requester a chance to modify the request or agree to an alternative timeframe for processing and make available its FOIA Public Liaison to assist in resolving any disputes. 5 U.S.C. § 552(a)(6)(B)(ii); 43 C.F.R. § 2.19(b).

Interior's FOIA regulations provide for four "processing tracks" based on the number of workdays needed to process the request: simple (1-5 days), normal (6-20 days), complex (21-60 days), and exceptional/voluminous (over 60 days). 43 C.F.R. § 2.15(c). However, the use of multi-track processing "does not alter the statutory deadline for a bureau to determine whether to comply" with a FOIA request, *id*. § 2.15(f), and WWP does not concede that it is lawful for Interior to extend the time for response beyond the 30 days for which FOIA allows in "unusual circumstances."

An untimely response or determination is a violation of FOIA regardless of the final outcome of the request, i.e., whether the agency voluntarily produces records after litigation is filed to compel such production. *See Or. Natural Desert Ass'n v. Gutierrez* ("*ONDA*"), 409 F. Supp. 2d 1237, 1248 (D. Or. 2006). An agency's failure to comply with FOIA's time limits violates FOIA. *S. Yuba River Citizens League*, 2008 WL 2523819, at *5. In such cases, a declaratory judgment to clarify legal issues and provide clarity to the parties and the public may be merited. *Id*. at *6.

It has been approximately six months since BLM received WWP's FOIA request and BLM has neither made an adequate determination on WWP's request, sought to extend the time for response under FOIA in a communication setting forth an estimated completion date, nor

produced any responsive records.  Consequently, BLM has violated and is violating FOIA, which injures WWP's rights and interests and warrants relief from this Court.

BLM has failed to make an adequate determination on WWP's request because to the best of WWP's knowledge, BLM has never gathered and reviewed the responsive records, determined the scope of any records it intends to produce or withhold, or informed WWP how it can appeal any adverse portion of its determination. *See CREW*, 711 F.3d at 188; *see also* Anderson Decl. ¶¶ 7, 14. BLM's response or determination was due on or around February 28, 2019, but BLM provided neither.  Anderson Decl. ¶¶ 5-7. Nor has BLM sought an extension of the time to respond for "unusual circumstances", or offered WWP an estimated completion date by which it will be able to process WWP's request. 5 U.S.C. § 552(a)(6)(B)(i); *see also* Anderson Decl. ¶ 14.  BLM did not make a determination or provide a response to the request within the 20 days (or 30 days for unusual circumstances) permitted by the statute and therefore violated FOIA.

In addition, BLM violated FOIA by failing to make records to which WWP is legally entitled promptly available. 5 U.S.C. § 552(a)(6)(C)(i). WWP still has not received responsive records approximately five months after they were due. Anderson Decl. ¶ 16. BLM is wrongfully withholding records in violation of FOIA, and WWP is entitled to declaratory and injunctive relief directing BLM to produce the subject records. *See* 5 U.S.C. § 552(a)(3)(A) & (4)(B).

## CONCLUSION

For these reasons, WWP respectfully requests that this Court grant its motion for summary judgment on its Second and Third Claims for Relief, declare that BLM has violated FOIA, and order BLM to produce all records responding to WWP's FOIA requests within 20

days of the Court's Order. WWP reserves the right to move for Summary Judgment on its First and Fourth Claims for Relief later in the proceedings if necessary.

Dated this 19th day of August, 2019.         Respectfully submitted,

*s/ Talasi B. Brooks*
Talasi B. Brooks (ISB #9712)
WESTERN WATERSHEDS PROJECT
P.O. Box 2863
Boise, ID 83701
(208)336-9077
tbrooks@westernwatersheds.org

Attorney for Plaintiff Western Watersheds Project